## JOHNSON v. POINDEXTER et al.
### (No. 950–4756.)

Commission of Appeals of Texas, Section A.
April 20, 1927.

**1. Witnesses** ☜344(1)—Cross-examination, impeaching proponent of will and developing that he classified himself as sole manager of testatrix's ranch to secure deferred draft classification, held prejudicial error.

In will contest, on ground that son practiced undue influence upon testatrix, permitting cross-examination to show that son, of draft age and unmarried, stated in classification for draft that he was sole manager of mother's ranch, and that statement was made for purpose of getting deferred classification, *held* error, in view of objection that evidence was immaterial and tended to prejudice jury.

**2. Appeal and error** ☜1048(7)—Error in permitting impeachment to show son classified himself in draft as sole manager of ranch to get deferred classification held not cured by instructions.

Error of court in permitting impeachment of son, seeking probate of mother's will, to show he classified himself in draft as sole manager of ranch, being unmarried and of draft age at time, *held* not cured by instruction attempting to limit effect.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Otis Bowyer, of Baird, and Wagstaff, Harwell & Wagstaff, of Abilene, for plaintiff in error.

Scarborough & Wilson, of Abilene, and Ben L. Russell, of Baird, for defendants in error.

BISHOP, J. This is a suit in which the last will and testament of Mrs. Mary Johnson, executed February 21, 1916, is being contested on the ground that its execution was procured by undue influence practiced upon the testatrix by her son, Willie Johnson. On trial in the district court, judgment was entered refusing application to probate on a special verdict finding this ground established by the evidence, and this judgment was by the Court of Civil Appeals affirmed. 288 S. W. 575.

[1] Mrs. Johnson died on the 12th day of May, 1925. There was evidence showing that in 1915, after the death of Mrs. Johnson's husband and continuously thereafter until the time of her death in 1925, Willie Johnson was the sole manager of her property. This he in his testimony denied, and the following occurred, as shown by bill of exception in the record, to wit:

"Be it remembered that on the trial of the above entitled and numbered cause, while the witness, Willie Johnson, was on the witness stand, the said Willie Johnson being the proponent of the will in controversy, the attorney for the contestants in this case asked the proponent, Willie Johnson, in substance, if he did not, during the year 1917, while the United States was at war with Germany, and when the government was examining those in the draft age so as to classify them, that he, the said Willie Johnson, did not in his questionnaire, he then and there being in the draft age and unmarried, state therein that he was the sole manager of what is known as the Johnson ranch or Johnson farm in Callahan county, Tex., being the lands owned by Mrs. Johnson after the death of her husband in 1915, and if he did not state therein that he was the sole manager of said farm or ranch at said time. To the asking of such question and any answer thereto, the proponent at the time excepted, on the ground that the same was not proper impeaching evidence, in that, if it was offered for impeaching evidence, it was on an immaterial matter, and also upon the ground that same was asked and offered for the purpose of prejudicing the jury against the proponent in this case, and that the same was inflammatory and highly improper, but the court overruled the objections of the proponent, and the witness was required to answer the question, and was required to state and did state that in said questionnaire he stated that he was the sole manager of what is known as the Johnson ranch or Johnson farm in Callahan county, Tex., and that same was made in effect for the purpose of getting deferred classification in the selective draft, to which action and ruling of the court proponent excepted and here now tenders his bill of exception and asks that same be allowed and approved, which is accordingly done, with this qualification; the court instructed the jury to consider the evidence only on the question of impeaching the witness, on his testimony as to whether or not he was manager of the ranch."

The Court of Civil Appeals in overruling the assignment of error based upon this bill of exception says:

"This question has given us considerable difficulty, as that part of proponent's testimony that he made the statements that he was sole manager of Johnson ranch for the purpose of procuring deferred classification and being released from service in the army was not admissible and was very inflammatory and should not have been permitted to go to the jury. Under the rules governing the disposition of appeals for the Courts of Civil Appeals, we are without authority to reverse on account of the erroneous admission of the testimony referred to, on account of the fact that that part of said testimony to the effect that said Will Johnson stated in his questionnaire that he was sole manager of the Johnson ranch was admissible, and the bill of exception shows that the testimony was objected to as a whole, and no specific objection was lodged to the inad-

missible part of the testimony as shown in the bill of exception."

[2] We cannot agree that the rules deny the Court of Civil Appeals the authority to reverse on account of the erroneous admission of the testimony referred to in the bill of exception. The objection was that the question asked did not call for proper impeaching evidence, for the reason that it was on an immaterial matter, which was prejudicial. Objection was clearly made to the immaterial and prejudicial matter contained in the question asked the witness. The trial court evidently understood the full purport of the objection, for it tried to limit the effect of the question and answer made thereto. It should have sustained the objection to the question asked the witness. Instead of doing this, it not only permitted the question, but required the witness to make specific answer to the immaterial and prejudicial matter included therein. Permitting the question, including the objectionable features, to be propounded to the witness and requiring him to make specific answer as to his purpose to secure deferred classification and then by instruction attempting to limit its effect was to administer an unnecessary poison and try to eradicate its effect by the administration of an antidote. It was clearly the duty of the trial court to sustain the objection made, and require that the objectionable features included in the question be eliminated before permitting it.

The authorities cited by the Court of Civil Appeals to sustain its holding in overruling this assignment of error are not applicable to the assignment presented, and we recommend that the judgments of both courts be reversed and the cause remanded to the district court.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.